IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLTRISTA PLASTICS LLC d/b/a JARDEN PLASTIC SOLUTIONS, | § § § | No. 66, 2017 |
| Plaintiff Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § § | C.A. No. N12C–09–094 |
| ROCKLINE INDUSTRIES, INC., | § § | |
| Defendant Below, Appellee. | § § § | |

Submitted: February 24, 2017
Decided: April 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## <u>**ORDER**</u>

This 12th day of April 2017, having considered the appellant's notice and supplemental notice of appeal from interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)    The appellant, Alltrista Plastics LLC d/b/a Jarden Plastic Solutions ("Jarden"), has filed a notice seeking to appeal an interlocutory order of the Superior Court in a breach of contract action. By order dated February 24, 2017, the Superior Court denied Jarden's application for certification.

(2)    The background of this matter is as follows. In 2010, Jarden and the appellee, Rockline Industries, Inc. ("Rockline"), entered into a Supply Agreement

under which Jarden was to develop and supply plastic containers to Rockline. If the containers could be successfully developed, Rockline was to purchase thirteen million containers annually for three consecutive years. The Supply Agreement included a provision that Rockline could terminate the Supply Agreement without cause and that, in the event of such termination, Rockline would pay a termination fee. The Supply Agreement had another provision, which stated that the termination fee was not a penalty and would serve as liquidated damages for Rockline's breach of the Agreement.

(3) In 2012, Jarden sent a demand letter claiming that it had met all of its obligations under the Supply Agreement and that Rockline was obligated to finish paying for a custom designed tool and to pay for the first annual installment of containers. When Rockline rejected the demand, claiming that Jarden had not produced acceptable containers, Jarden filed suit against Rockline, and Rockline sent a letter formally terminating the Supply Agreement with cause.

(4) Jarden's Superior Court complaint alleged that Rockline breached the Supply Agreement by failing to pay the balance on the custom designed tool; failing to order the annual minimum amount of containers; and failing to pay the termination fee. During discovery, Jarden's damages expert proffered three alternative theories of Jarden's damages: lost gross revenue; lost profit; and a combination of lost gross revenue and the termination fee.

2

(5)    In November 2015, Rockline moved for partial summary judgment on the issue of damages, arguing, in relevant part, that the Supply Agreement's termination fee served as a liquidated damages provision and therefore established the parties' agreement on the amount of damages Jarden could receive if it prevailed on its suit.   Jarden opposed the partial summary judgment motion, arguing, in relevant part, that the termination fee was never triggered because Rockline purported to terminate the Supply Agreement with cause as opposed to without cause.   In an April 8, 2016 bench ruling, the Superior Court denied the motion for partial summary judgment after determining, in relevant part, that the termination fee had not been triggered and therefore was not applicable.

(6)    In October 2016, Rockline moved for reconsideration of the April 8 bench ruling and then for relief from that judgment under Superior Court Civil Rule 60.  Jarden opposed both motions.  The Superior Court held a teleconference on the motion for reconsideration and a hearing on the motion for relief from judgment.  By letter opinion dated January 18, 2017, the Superior Court vacated the April 8 bench ruling, in relevant part, after determining that the terms of the Supply Agreement provided that the termination fee should be treated as liquidated damages for Rockline's alleged breach of the contract.[1]

---

[1] *Alltrista Plastics LLC d/b/a Jarden Plastic Solutions v. Rockline Industries, Inc.*, 2017 WL 237625 (Del. Super. Ct. Jan. 18, 2017).

(7)     Jarden filed an application for certification of the January 18 interlocutory order.  Rockline opposed the application.  By order dated February 24, 2017, the Superior Court denied the application after finding that the January 18 order did not, as Jarden suggested, decide a substantial issue of material importance, determine a substantial right that related to the merits of the case, or involve a novel question of law resolved for the first time in this State.

(8)     Applications for interlocutory review are addressed to the sound discretion of the Court[2] and are granted only in exceptional circumstances where the interlocutory order has decided a substantial issue of material importance that merits appellate review before a final judgment.[3]  In this case, the Court agrees with the Superior Court's denial of Jarden's application for certification of an interlocutory appeal.  The principles and criteria of Rule 42 do not weigh in favor of interlocutory review of the January 18 order.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[2] Del. Supr. Ct. R. 42(d)(v).
[3] *Id.* (b)(i)–(iii).